UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Western Division

-----------------------------------------------------------X

UNITED STATES OF AMERICA,
ex rel., CHRISTOPHER GALLAGHER, and
COMMONWEALTH OF MASSACHUSETTS
ex rel., CHRISTOPHER GALLAGHER

                              Plaintiffs,

-against-

BOSTON FINANCIAL INVESTMENT
MANAGEMENT L.P., HALLKEEN LLC.
HALLKEEN MANAGEMENT INC.,
and NEW SPRING SENIOR
COMMUNITIES LLC f/k/a HALLKEEN
BARAN SENIOR SERVICES LLC,

                              Defendants.

-----------------------------------------------------------X

**VERIFIED COMPLAINT**

3:10 CV30208-MAP

**Jury Trial Demanded**

**FILED UNDER SEAL**

**VERIFIED COMPLAINT**

Plaintiff and *Qui tam* Relator, CHRISTOPHER GALLAGHER, by his undersigned attorneys, hereby alleges as follows:

I.      **NATURE OF THE ACTION**

1. This is a civil action brought on behalf of the United States of America against Hallkeen LLC, its affiliates, principals and agents (collectively referred to as "defendants") to recover damages and civil penalties under the False Claims Act, 31 U.S.C. §§ 3729-3732, as amended by the False Claims Act Amendments of 1986.

2. This action also is brought on behalf of the Commonwealth of Massachusetts to

1

recover damages and civil penalties under The Massachusetts False Claims Act, M.G.L. c. 12, § 5(A)-(O), for the defendants having defrauded the Commonwealth.

3. The defendants are the owners and operators of several assisted living facilities located within the Commonwealth of Massachusetts.

4. Within such facilities the defendants provide health related services to persons inclusive of, but not limited to, recipients of medical benefits under both federal and state health care programs, including Medicare and MassHealth.

5. The defendants have implemented a practice and policy of defrauding both the United States and the Commonwealth of Massachusetts, by "double billing" for services provided to Medicaid/MassHealth beneficiaries.

6. More specifically, the defendants have implemented a scheme wherein they bill Medicaid/MassHealth beneficiaries directly for health related services the defendants have provided, while simultaneously billing Medicaid/MassHealth for those very same services.

7. In "double billing" Medicaid/MassHealth for such services, the defendants have submitted false or fraudulent claims and/or statements to the United States and Massachusetts, and have induced the United States and Massachusetts to make payment upon such false or fraudulent claims, to the defendants.

## I. **Venue and Jurisdiction**

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 and 31 U.S.C. §§ 3730(b) and 3732(a).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and 31 U.S.C. § 3732(a), because (a) several of the defendants were doing business in this district at all times material to this action, and (b) the claims set forth in this complaint arose in this district.

10. This Court has supplemental jurisdiction over Relator's state law claims pursuant to 28 U.S.C. § 1367.

## II. **Introduction To The Parties**

### The Defendants

11. Upon information and belief, at all relevant times described herein, defendant Boston Financial Investment Management L.P., (hereinafter "Boston Financial") was, and is, a Limited Partnership organized under the laws of Massachusetts, with a principle place of business situated at 101 Arch Street, Boston, MA 02062.

12. Upon information and belief, at all relevant times described herein, defendant Hallkeen LLC, was, and is, a Limited Liability Company organized under the laws of Massachusetts, with a principle place of business situated at 320 Norwood Park South, Norwood MA 02062.

13. Upon information and belief, at all relevant times described herein, defendant Hallkeen Management Inc, was, and is, a Corporation organized under the laws of Massachusetts, with a principle place of business situated at 320 Norwood Park South, Norwood MA 02062.

14. Upon information and belief, at all relevant times described herein, defendant New Spring Senior Communities LLC, was, and is, a Limited Liability Company organized under the laws of Massachusetts, with a principle place of business situated at 320 Norwood Park South, Norwood MA 02062.

15. Upon information and belief, at all relevant times described herein, defendant New Spring Senior Communities LLC, was formerly known as Hallkeen Baran Senior Services, LLC., a Limited Liability Company organized under the laws of Massachusetts, with a principle place of

business situated at 320 Norwood Park South, Norwood MA 02062, the name of which was changed to New Spring Senior Communities LLC on April 13, 2007.

16. Upon information and belief, defendant New Spring Senior Communities LLC, is a subsidiary of, and is wholly controlled by, defendants Boston Financial, Hallkeen LLC and Hallkeen Management Inc.

### The Plaintiff

17. At all relevant times described herein, the Plaintiff/Relator Christopher Gallagher was, and is, an individual residing at 40 Franklin Street, Dalton, Massachusetts.

18. At all relevant times described herein, the defendants collectively owned and operated an assisted living facility bearing the name "Cameron House," which was, and remains, situated at 109 Housatonic Street, Lenox, MA 01240.

19. In March 2006 the defendants hired the Plaintiff/Relator as Executive Director, Resident Care Director and Marketing Director of Cameron House.

### III. Facts Giving Rise to Claims Under The Federal and Massachusetts False Claims Acts

#### A. MassHealth

20. The Commonwealth of Massachusetts has established MassHealth as a public health insurance program for low-to-medium income residents of Massachusetts.

21. MassHealth is a state agency overseen by the Massachusetts Executive Office of Health and Human Services.

22. Upon information and belief, the Commonwealth of Massachusetts pays approximately 50% of the costs of MassHealth, and the United States pays for the remaining 50%.

23. Among the programs administered and funded by MassHealth is the Group Adult Foster Care Program (GAFC).

24. The GAFC program is a program which pays for personal care services for eligible seniors and adults with disabilities who live in GAFC-approved housing.

25. Because Medicaid pays approximately 50% of the cost of the GAFC program, persons who receive benefits under the GAFC program are "beneficiaries" as that term is defined pursuant to 42 U.S.C. §1320a-7a(i)(5), who are eligible to receive services for which payment could be made under or pursuant to a Federal health care program as defined pursuant to 42 U.S.C. §1320a-7a(f) and elsewhere (collectively, "Federal Health Care Program").

### B. Hallkeen

26. Defendants Boston Financial, Hallkeen LLC and Hallkeen Management Inc. are engaged in the business of investing in, owning and operating assisted living facilities within the Commonwealth of Massachusetts.

27. Said defendants the owners and/or operators of four (4) assisted living facilities in Massachusetts which are respectively known as: (a) Brigham House, in Watertown, (b) Cameron House, in Lenox (c) Corcoran House, in Clinton and (d) Prospect House in Revere.

28. Upon information and belief, the business operations of each of those four facilities are jointly managed by defendants Hallkeen Management Inc. and New Spring Senior Communities LLC.

23. Residents at the defendants' four (4) assisted living facilities include persons eligible to receive, and who do receive, benefits under the MassHealth GAFC program.

24. Those benefits are received in the form of services, which the defendants and their agents provide to GAFC beneficiaries, for which MassHealth pays the defendants directly.

### C. The Defendants' Provision of GAFC Services

25. For a period of not less than four (4) years immediately preceding the filing of this complaint, the defendants have been billing MassHealth, for providing daily assistance with personal care services to persons eligible under the GAFC program.

26. For each eligible GAFC beneficiary, the services for which the defendants having been billing MassHealth, and for which MassHealth has been paying the defendants, have included Activity of Daily Living services (ADLs) and Instrumental Activity of Daily Living services (IDLAs), which include 24 hour services in providing each beneficiary with an individual care plan developed by a registered nurse or case manager, and an ongoing monitoring of each beneficiary's personal needs.

### D. The Defendants' Double Billing Practices

27. For a period of not less than four (4) years, the defendants have deliberately and knowingly implemented and maintained a systematic practice of double billing for services they have been providing to GAFC beneficiaries.

28. For GAFC beneficiaries within one of the defendants' facilities, the defendants have systematically been privately billing residents and/or their families for an "incontinence package" at a price of $395 dollars, per month, per resident, in exchange for services including,

changing residents, washing residents and washing their laundry.

29. At the very same time, the defendants have been simultaneously billing MassHealth, and have been receiving full payment from MassHealth, for providing the very same services under the GAFC program.

30. By way of example, Catherine Hayes, patient number 000037, Medicaid recipient number XXXXXXXX6672, is, and has been a resident of the defendants assisted living facility known as Cameron House since at least March of 2006 (Ms. Hayes' actual Medicaid number has been provided to the government within a disclosure package provided pursuant to 31 U.S.C. §3730).

31. Since at least March, 2006, the defendants have been billing Ms. Hayes, and/or her family each month, up to $395 for the defendants' "incontinence package," of services, while they have simultaneously been billing, and receiving payment from, MassHealth, for providing those exact same services.

32. The defendants have also been double billing MassHealth in this manner for other residents including, but not limited to, Robert Daniels, patient number 000062, Medicaid recipient number XXXXXXXX5559, Shiela Ruisseaux, patient number 000075, Medicaid recipient number XXXXXXXX2224, and Milton Schofield, patient number 000044, Medicaid recipient number XXXXXXXX3008 (said patients' actual Medicaid numbers have been provided to the government within a disclosure package provided pursuant to 31 U.S.C. §3730).

33. Upon information and belief, while billing and collecting payment from MassHealth for such services, the defendants knew full well that they had already billed, or intended to bill, the beneficiaries and/or their families to simultaneously collect, duplicative payments for such services from both MassHealth, and the beneficiaries and/or their families.

34.  Upon information and belief, as a policy and practice implemented by the defendants' managing agents who were responsible for managing all four of the defendants Assisted Living Facilities, the defendant double billed MassHealth for all eligible GAFC beneficiaries residing within the defendants' facilities.

35.  Upon information and belief, by submitting false and fraudulent claims seeking payment for services for which the defendants had already been paid, or for which the defendants knew they intended to secure payment from beneficiaries, or their families, directly, the defendants fraudulently induced MassHealth to pay the monies equaling or exceeding approximately $100,000 thousand dollars, and that number may be significantly higher.

36.  Upon information and belief, each of the defendants, through their principals, employees and/or agents jointly conspired to implement such fraudulently billing practice, and thereafter acted in furtherance of such conspiracy by thereafter proceeding to carry out such conspiracy and billing the government in accord with same.

37.  In submitting such false and fraudulent claims to MassHealth, the defendants have submitted and presented, and caused to be submitted and presented such false and fraudulent claims and attendant false certifications to employees and representatives of the United Stated government, for approval of same.

38.  As a result of the defendants' fraudulent double-billing practices, the defendants have defrauded both the Commonwealth of Massachusetts and the United States, because 50% of the monies which MassHealth was fraudulently induced to pay the defendants was ultimately paid by the Commonwealth of Massachusetts, and the remaining 50% was ultimately paid for by the United States, through Medicaid.

## COUNT I
## The Federal False Claims Act
## 31 USC §3729(a)

39. The Plaintiff/Relator, Christopher Gallagher, (hereinafter "the Relator") repeats and reiterates the allegations set forth within paragraphs "1" through "38" herein above, with the same force and effect as if fully set forth at length herein.

40. Title 31 of the United States Code, section 3729(a), as amended, provides that any person who:

    (a) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;

    (b) knowingly makes, uses or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;

    (c) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid;

    (d) authorized to make or deliver a document certifying receipt of property used, or to be used, by the Government and, intending to defraud the Government, makes or delivers the receipt without completely knowing that the information on the receipt is true;

    (e) knowingly makes, uses or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government,

is liable to the United States Government for a civil penalty of not less

than $5,500.00 and not more than $11,000.00, plus 3 times the amount of damages which the Government sustains because of the act of that person.

41. Each of the defendants named herein are persons subject to liability for violations of the Federal False Claims Act.

42. As set forth herein above, the defendants have knowingly submitted false claims, false statements and false certifications to induce payments, by billing such Federal Health Care Programs, for services which the defendants were not entitled to seek payment.

43. In submitting such false claims to secure payment for services to Medicaid Program Beneficiaries, the defendants submitted and/or caused to be submitted, false claims and certifications to, and against, the United States, which was thereby induced to pay federal monies to the defendants as a result of such false claims and statements.

44. In billing MassHealth, as the administrator of a Federal Health Care Program, the defendants knowingly presented, or caused to be presented false claims for payment or approval to officers and/or employees of the United States.

45. The defendants conspired to defraud the Government by getting a false or fraudulent claims allowed or paid.

46. Through the submission of such false claims as set forth herein above, the defendants have defrauded the United States, and are liable to Government for sums equaling or exceeding $100,000, or more.

47. Pursuant to 31 USC §3729(a), the defendants are liable to the Government for three (3) times the amounts which the Government was fraudulently induced to pay to the defendants, plus a civil penalty of not less than $5,500 and not more than $11,000 for each of the false claims

which the defendants have submitted within the period of six (6) years immediately preceding the commencement of this action. Upon information and belief, based on the number of false claims estimated by Plaintiff, the civil penalties will equal or exceed $2,000,000.

### COUNT II
### The Massachusetts False Claims Act
### M.G.L c. 12, § 5(A)-(O)

48.  The Plaintiff/Relator, Christopher Gallagher, (hereinafter "the Relator") repeats and reiterates the allegations set forth within paragraphs "1" through "47" herein above, with the same force and effect as if fully set forth at length herein.

49.  The Relator hereby asserts a civil claim on behalf of The Commonwealth of Massachusetts against Boston Financial Investment Management L.P., Hallkeen LLC, Hallkeen Management Inc, and New Spring Senior Communities LLC f/k/a Hallkeen Baran Senior Services LLC, (collectively referred to as "defendants") to recover damages and civil penalties under the Massachusetts False Claims Act, M.G.L. c. 12, § 5(A)-(O).

50.  The Relator possesses standing to commence and maintain this action on behalf of the Commonwealth by virtue of M.G.L. c. 12 § 5(C)(2).

51.  As provided under Section 5(b) of the Massachusetts False Claims Act, a person who:

> (1)  knowingly presents or causes to be presented, a false or fraudulent claim for payment or approval;
>
> (2)  knowingly makes, uses, or causes to be made or used, a false record or statement to obtain payment or approval of a claim by the commonwealth or any political subdivision thereof;

11

(3) conspires to defraud the commonwealth or any political subdivision thereof through the allowance or payment of a fraudulent claim;

(4) has possession, custody, or control of property or money used, or to be used, by the commonwealth or any political subdivision thereof and knowingly delivers, or causes to be delivered to the commonwealth, less property than the amount for which the person receives a certificate or receipt with the intent to willfully conceal the property;

(5) is authorized to make or deliver a document certifying receipt of property used, or to be used, by the commonwealth or any political subdivision thereof, and with the intent of defrauding the commonwealth or any political subdivision thereof, makes or delivers the receipt without completely knowing that the information on the receipt is true;

(6) buys, or receives as a pledge of an obligation or debt, public property from an officer or an employee of the commonwealth or any political subdivision thereof, knowing that said officer or employee may not lawfully sell or pledge the property;

(7) enters into an agreement, contract or understanding with one or more officials of the commonwealth or any political subdivision thereof knowing the information contained therein is false;

(8) knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or to transmit money or property to the commonwealth or political subdivision thereof; or

(9) is a beneficiary of an inadvertent submission of a false claim to the commonwealth or political subdivision thereof, subsequently discovers the falsity of the claim, and fails to disclose the false claim to the commonwealth or political subdivision within a reasonable time after discovery of the false claim

shall be liable to the commonwealth or political subdivision for a civil penalty of not less than $5,000 and not more than $10,000 per violation, plus three times the amount of damages, including consequential damages, that the commonwealth or political subdivision sustains because of the act of that person, plus the expenses of the civil action brought to recover any such penalty or damages, including without limitation reasonable attorney's fees, reasonable expert's fees and the costs of investigation.

52. Each of the defendants named herein are persons subject to liability for violations

of the Massachusetts False Claims Act.

53. As set forth herein above, each of the defendants knowingly presented, or caused to be presented false or fraudulent claims, and attendant certifications, for payment or approval to MassHealth.

54. Each of the defendants conspired to defraud the commonwealth to defraud the Commonwealth through the allowance or payments of fraudulent claims, and thereafter proceeded to submit false and/or fraudulent claims, in furtherance of such conspiracy. Each defendant is also vicariously liable for the acts described in the Complaint.

55. In the alternative, each of the defendants are beneficiaries in inadvertently submitted false claims, who discovered the falsity of such claims, and failed to disclose the false claims to MassHealth within a reasonable time after discovery of the false claim.

## REQUEST FOR RELIEF

Plaintiff/Relator respectfully demands judgment against the Defendants, jointly & severally, for each of the claims set forth within the above-referenced Counts, as follows:

## COUNT I
### The Federal False Claims Act
### 31 USC §3729(a)

By reason of the Defendants' violations of the Federal False Claims Act, the Plaintiff/Relator respectfully demands that this Court:

    (a) Enter judgment against the Defendants in an amount equal to three (3) times the amount of damages the United States Government has sustained

        because of the Defendants' actions, plus civil penalties of not less than Five Thousand Hundred Dollars ($5,500) and not more than Eleven Thousand Dollars ($11,000) for each violation of 31 U.S.C. §3729, and

    (b)    Award the Relator, as *qui tam* Plaintiff, the maximum amount allowed pursuant to Section 3730(d) of the False Claims Act, and/or any other applicable provision of law, and that the Relator further be awarded costs and reasonable attorneys' fees.

## COUNT II
## The Massachusetts False Claims Act
## M.G.L. c. 12 § 5(A)-(O)

By reason of the Defendants violations of the Massachusetts False Claims Act, the Plaintiff/Relator respectfully demands that this Court:

    (a)    Enter judgment against the Defendants in an amount equal to three (3) times the amount of damages the Commonwealth of has sustained because of the Defendants' actions, plus civil penalties of not less than Five Thousand Dollars ($5,000) and not more than Ten Thousand Dollars ($10,000) for each violation of M.G.L. c. 12 § 5(B), and

    (b)    Award the Relator, as *qui tam* Plaintiff, the maximum amount allowed pursuant to Section 5(F) of the Massachusetts False Claims Act, and/or any other applicable provision of law, and that the Relator further be awarded costs and reasonable attorneys' fees.

COHEN KINNE VALICENTI & COOK LLP

Attorneys for Plaintiff/Relator

DATED: October 4, 2010   BY:  CHRISTOPHER GALLAGHER
_____
Kevin M. Kinne Esq. (BBO#559004)
David Valicenti, Esq. (BBO#: 632980)
Christopher M. Hennessey, Esq. (BBO#654680)
28 North Street, 3rd Floor
Pittsfield, MA 01201
(413) 443-9399
kkinne@cohenkinne.com

Andrew J. Campanelli, Esq.
CAMPANELLI & ASSOCIATES, P.C.
623 Stewart Avenue, Suite 203
Garden City, NY 11530
(516) 746-1600

## VERIFICATION

I, CHRISTOPHER GALLAGHER, verify that the statements in the within Complaint made by me are true and correct to the best of my knowledge, information and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED: 10-4-10

*Christopher J Gallagher*
CHRISTOPHER GALLAGHER